46 F.3d 1131
 75 A.F.T.R.2d 95-808, 95-1 USTC P 50,084
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mittie R. CHANDLER, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 94-1255.
 United States Court of Appeals, Sixth Circuit.
 Jan. 19, 1995.
 
 Before: MILBURN and DAUGHTREY, Circuit Judges, and WEIS, Senior Circuit Judge.*
 
 ORDER
 
 1
 Mittie R. Chandler, proceeding pro se, appeals a tax court judgment holding that she does not qualify for "innocent spouse" relief under the provisions of the Internal Revenue Code, Sec. 6013(e). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In response to a notice of tax deficiency and additions to tax, Chandler filed a petition with the tax court arguing that she was entitled to relief from the deficiency and additions to tax as an innocent spouse, pursuant to IRC Sec. 6013(e). The government determined a deficiency of $3,104 in Chandler's 1987 federal income tax return and additions to tax under IRC Sec. 6551(a) in the amount of $182 and under IRC Sec. 6653(a)(1)(A) and (B) in the amounts of $294 and 50 percent of the interest due on $3,026, respectively. The government notified Chandler of this deficiency. In a related case, the tax court had already sustained the government's determination that petitioner's ex-husband had failed to report $8,153.78 of income in 1987. The court also sustained the government's disallowance of $415.03 in claimed Schedule A deductions and $81 in miscellaneous Schedule A deductions, as well as its disallowance of $3,500 in unreimbursed employee expenses and $574.44 in donations, both claimed on Chandler's ex-husband's Schedule C.
 
 
 3
 Upon review of the record, the tax court concluded that Chandler did not qualify for innocent spouse relief. Chandler as filed a timely appeal, reasserting her same claim.
 
 
 4
 On appeal, we affirm the district court's judgment denying Chandler's petition for innocent spouse relief under the provisions of the Internal Revenue Code Sec. 603(e). We review a tax court's findings of fact only for clear error and its conclusions of law de novo. See North Am. Rayon Corp. v. Commissioner, 12 F.3d 583, 584 (6th Cir.1993). We conclude that the tax court properly determined that Chandler does not qualify for innocent spouse relief regarding the tax liability attributable to the disallowed deductions because the liability is not greater than 25 percent of her 1990 adjusted gross income. See I.R.C. Sec. 6013(e)(4)(B). Accordingly, we hereby affirm the tax court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph F. Weis, Jr., Senior Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation